UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| SCOTT A. GORMAN, as the personal representative of the Estate of Rachel M. Gorman,<br><br>    Plaintiff,<br><br>    vs.<br><br>TOTRAN TRANSPORTATION SERVICES, LTD; and RODNEY PRYCE, an individual,<br><br>    Defendants. | Case No. 3:21-cv-05525<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Scott A. Gorman is the duly appointed and acting Personal Representative of the Estate of Rachel M. Gorman. Plaintiff commences this Wrongful Death and Survivorship action pursuant to RCW 4.20.010 and RCW 4.20.046, on behalf of the decedent, Rachel M. Gorman, and the beneficiaries of the Estate of Rachel M. Gorman as enumerated in RCW 4.20.020.

Plaintiff alleges as follows:

**PARTIES**

1.

Plaintiff Scott A. Gorman was appointed Personal Representative of the Estate of Rachel M. Gorman by the Superior Court of Washington for Clark County on January 11, 2021.

{00440654;17}
Page 1 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

2.

At the time of her death, Rachel M. Gorman was a 44-year old wife and mother of two who was needlessly killed as a result of the negligence, gross negligence, and recklessness of Defendants described herein.

3.

At all material times, Defendant Rodney Pryce was a Canadian citizen operating a semi-truck within the course and scope of his employment with Defendant Totran Transportation Services, LTD ("Defendant Totran").

4.

At all material times, Defendant Totran was a foreign company with a principal place of business in Alberta, Canada.

**JURISDICTION AND VENUE**

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between Plaintiff, a citizen of Washington, and Defendants, citizens of Canada.

6.

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) and pursuant to 28 U.S.C. § 1391(c)(3).

//

//

**FACTUAL BACKGROUND**

7.

On August 5, 2020, at approximately 7:00 AM, Zechariah Baxter was operating a 2017 Freightliner semi-truck for carrier United Salad Company, heading southbound on I-5 in the number three lane in Vancouver, Washington.

8.

At the same time and place, Rachel M. Gorman was operating a 2019 Jeep Cherokee SUV directly behind Mr. Baxter's semi-truck.

9.

At the same time and place, Defendant Rodney Pryce was operating a 2010 Kenworth semi-truck directly behind Rachel M. Gorman's SUV.

10.

At the same time and place, the Baxter and Gorman vehicles slowed and/or came to a stop due to traffic in the roadway.

11.

At the same time and place, Defendant Rodney Pryce collided into the back of Rachel M. Gorman's SUV, crushing her between the two semi-trucks.

**FIRST CAUSE OF ACTION**

**(Wrongful Death - Negligence/ Vicarious Liability– Defendants Rodney Pryce and Totran Transportation Services)**

12.

Plaintiff realleges all paragraphs above.

{00440654;17}
Page 3 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

Case 3:21-cv-05525-MLP   Document 1   Filed 07/22/21   Page 4 of 6

13.

Defendant Rodney Pryce breached his duty to Rachel M. Gorman, creating an unreasonable and foreseeable risk of injury to those upon the roadway, including Rachel M. Gorman, in that he:

(a) failed to keep a proper lookout;

(b) failed to maintain proper control over the vehicle he was operating;

(c) failed to avoid the collision when he observed Rachel M. Gorman's vehicle in front of him;

(d) followed too closely to Rachel M. Gorman's vehicle in violation of RCW 46.61.145;

(e) engaged in distracted driving in violation of RCW 46.61.673; and

(f) drove his vehicle at a speed greater than reasonable and prudent under the conditions, without regard to the actual and potential hazards then existing in violation of RCW 46.61.400.

14.

Defendant Rodney Pryce's acts and omissions described herein constitute negligence, gross negligence, recklessness, or a knowing disregard of a substantial likelihood of harm.

15.

As a direct result of Defendant Rodney Pryce's acts and omissions described herein, Rachel M. Gorman suffered personal injury and death.

**SECOND CAUSE OF ACTION**

**(Wrongful Death - Negligent Hiring/Retention/Supervision – Defendant Totran)**

16.

Plaintiff reallege all paragraphs above.

{00440654;17}
Page 4 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

17.

At all material times, Defendant Totran had oversight and supervisory responsibilities over its semi-trucks and employees.

18.

Defendant Totran failed to properly train, supervise, and guide Rodney Pryce in the safe operation of its semi-trucks on public roads such that they were negligent or deliberately indifferent to the safety of members of the public, including Rachel M. Gorman.

19.

Defendant Totran was deliberately or negligently indifferent to the safety of members of the public, including Rachel M. Gorman, by fostering, encouraging, and knowingly accepting formal or informal policies condoning the use of its semi-trucks on public roads in such a way that was likely to cause serious injury or death.

20.

As a direct result of Defendant Totran's acts and omissions described herein, Rachel M. Gorman suffered personal injury and death.

**DEMAND FOR JURY TRIAL**

21.

Plaintiff demands a trial by jury.

//

//

//

//

{00440654;17}
Page 5 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment as Defendants Rodney Pryce and Defendant Totran as follows:

a. For noneconomic losses to the Decedent prior to her death that the jury finds is fair;

b. For economic and noneconomic losses sustained by Decedent's beneficiaries as a result of her death that the jury finds is fair;

c. For costs and disbursements incurred herein;

d. For interest according to law;

e. For such other relief as the court deems just.

DATED this 22nd day of July, 2021.

D'AMORE LAW GROUP, P.C.

By: _____
Thomas D'Amore, WSBA No. 22772
Email: tom@damorelaw.com
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: (503) 222-6333

*Of Attorneys for Plaintiff*