UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT A. GORMAN, as the personal representative of the Estate of Rachel Marie Gorman,

                Plaintiff,

     v.

TOTRAN TRANSPORTATION SERVICES LTD, *et al.*,

                Defendants.

Case No. C21-5525-MLP

ORDER

## I.   INTRODUCTION

This matter is before the Court on a Motion for Sanctions brought by Plaintiff Scott A. Gorman ("Plaintiff"), in his capacity as personal representative of the estate of Rachel Marie Gorman ("Ms. Gorman") ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 27).) Plaintiff's Motion requests that the Court: (1) dismiss Defendants' Totran Transportation Services, LTD ("Totran") and Rodney Pryce's (collectively, "Defendants") Third, Fourth, and Fifth Affirmative Defenses; and (2) exclude Defendants' experts John Straubinger and Dr. David Krauss due to Defendants' alleged spoliation and late disclosure of evidence. (*Id.* at 1.) Defendants opposed the motion

ORDER - 1

1  (Defs.' Resp. (dkt. # 33)), and Plaintiff filed a reply (Pl.'s Reply (dkt. # 38)). The Court heard

2  oral argument on February 9, 2023. (Dkt. # 42.)

3       Having considered the parties' submissions, oral argument, the balance of the record, and

4  the governing law, Plaintiff's Motion (dkt. # 27) is GRANTED in part and DENIED in part, as

5  further explained below.

## II.   BACKGROUND

7       On August 5, 2020, Mr. Pryce drove a semi-truck for Totran southbound on I-5 in

8  Vancouver, WA. (D'Amore Decl. (dkt. # 28), Ex. 1 at 5-6, 77-78, 83-86, 153.) Upon

9  approaching a stop of congested traffic, Mr. Pryce crashed into the rear of Ms. Gorman's Jeep

10 Cherokee, causing her vehicle to be crushed between Mr. Pryce's semi-truck and another

11 semi-truck operated by United Salad Company. (*Id.*) Ms. Gorman died on impact. (*Id.*)

12      That same day, Totran hired defense counsel and employed Mr. Straubinger as an expert.

13 (D'Amore Decl., Ex. 2 at 174.) On August 6, 2020, Mr. Straubinger inspected Mr. Pryce's

14 semi-truck, took photographs, and extracted engine control module ("ECM") data from the

15 semi-truck. (*Id.* at 17.) On or around August 19, 2020, Totran commenced repairs on the

16 semi-truck, eventually returning it to service on or around August 28, 2020, or September 8,

17 2020.[1] (*Id.*, Ex. 4 at 8 (McDonald Dep. at 59:2-12); *id.*, Ex. 6 at 1.) On August 31, 2020,

18 Plaintiff's counsel sent notice to Defendants of his representation of Plaintiff and provided a

19 preservation letter that requested an opportunity to inspect Mr. Pryce's semi-truck. (*Id.*, Ex. 7 at

20 1-3.)

---

[1] The record provides conflicting dates as to when Mr. Pryce's semi-truck was returned to service. (D'Amore Decl., Ex. 4 at 8 (McDonald Dep. at 59:2-7 (indicating that Mr. Pryce's semi-truck was returned to service on "[a]pproximately 28th of August, after the repairs were completed."); *id.*, Ex. 6 at 1 ("The repairs to the truck were finished on 9/8/20.")

ORDER - 2

On September 9, 2020, Mr. Pryce's semi-truck was involved in another collision and declared a total loss. (D'Amore Decl., Ex. 6 at 1-2.) Plaintiff's counsel again requested an opportunity to inspect the truck on December 3, 2020, but did not receive a response from Totran. (*Id.* at 11.) Despite Plaintiff's counsel's multiple requests, Mr. Pryce's semi-truck was sold for salvage on January 18, 2021. (*Id.*, Ex. 5 at 1-2.)

In July 2021, Plaintiff filed suit, alleging claims for: (1) wrongful death, premised on negligence and vicarious liability against Defendants; and (2) wrongful death, premised on negligent hiring, retention, and supervision, against Totran. (*See* Compl. ¶¶ 12-20.) Only after Plaintiff filed suit, on November 30, 2021, did Defendants' counsel notify Plaintiff's counsel that Mr. Pryce's semi-truck had already been salvaged. (*Id.*, Ex. 6 at 1-2.)

Plaintiff submits that—despite initial disclosures from December 2021 (D'Amore Decl., Ex. 8 at 5-6) and responses to requests for production in June 2022 (*id.*, Ex. 9 at 15-16, 18)—Defendants failed to reveal that Mr. Pryce's semi-truck had been inspected, and that Defendants possessed data and photographs from the inspection, until Totran's Fed. R. Civ. P. 30(b)(6) deposition in September 2022 and expert reports in October 2022. (*See* D'Amore Decl., Ex. 2 at 17, 174; *id.*, Ex. 4 at 2-9 (McDonald Dep. at 11:21-13:4, 51:22-53:6, 59:2-60:8).) Plaintiff notes that Totran's representative additionally testified that Totran had access to other pre-collision data from a "driver tracking system," which was contained on an on-board tablet and web-based application, but that it had discontinued using that system and no longer had access to the tablet or data. (*See* D'Amore Decl., Ex. 4 at 2-7 (McDonald Dep. at 11:21-13:4, 51:22-53:6).)

On September 7, 2022, after completion of Totran's 30(b)(6) deposition, Defendants' counsel produced the ECM data to Plaintiff in an email. (D'Amore Decl., Ex. 10.) To date, Plaintiff's counsel submits no supplemental responses to Plaintiff's requests for production have

ORDER - 3

been produced nor has there been any additional disclosure of data from Mr. Pryce's semi-truck's driver tracking system. (*See* Pl.'s Mot. at 4.)

Relevant to Plaintiff's sought relief, Defendants' Affirmative Defenses subject to Plaintiff's Motion consist of:

> **Fourth Defense ["Contributory Negligence"].** Plaintiff's damages, if any, were caused in whole or in part by her own contributory negligence. Therefore, any award of damages against Defendants should be reduced in accordance with RCW 4.22.070 and Defendants' liability for damages, if any, should be only based on their proportional share.
>
> **Fifth Defense ["Acts of Non-Parties"].** Plaintiff's damages, if any, were proximately caused by the acts or omissions of other non-parties, including, but not limited to: United Salad Company, Zechariah W. Baxter, and the driver of an unknown red sedan. Therefore, any award of damages against Defendants should be reduced in accordance with RCW 4.22.070 and Defendants['] liability for damages, if any, should be only based on their proportional share.
>
> **Sixth Defense ["Sudden Emergency"].** Plaintiff's claims against Defendants are barred because Defendants were confronted by a sudden emergency.

(Answer (dkt. # 3) at 4-5, ¶¶ 22-27.)

In addition, Plaintiff seeks to exclude the expert testimony of Mr. Straubinger and Dr. Krauss. Mr. Straubinger is a forensic engineer and accident reconstructionist. (Defs.' Exp. Disc. (dkt. # 23) at 2, Ex. C ("Straubinger Rep." (dkt. # 23-3)).) Dr. Krauss is a scientist and human factors expert. (Defs.' Exp. Disc. at 2, Ex. B ("Krauss Rep." (dkt. # 23-2)).)

Relevant to Plaintiff's Motion, both Mr. Straubinger's and Dr. Krauss's reports consider the extracted ECM data from Mr. Pryce's semi-truck. (Straubinger Rep. at 2 ("ECM recorded speeds for the Freightliner and the Kenworth were of 47 mph and 52 mph respectively, prior to when they started braking"), 7-9; Krauss Rep. at 5 ("According to the ECM data retrieved from Mr. Pryce's vehicle, he was traveling 51 miles per hour approximately two seconds before impact"), 14.) Mr. Straubinger's report specifically recognizes that it is premised on his August

ORDER - 4

6, 2020 inspection of Mr. Pryce's semi-truck. (Straubinger Rep. at 14; *see also id.*, Att. C at 89-109.) Dr. Krauss's report acknowledges that he was supplied pictures and ECM data from Mr. Straubinger's inspection. (Krauss Rep. at 14.)

### III.  DISCUSSION

District courts possess inherent authority to impose sanctions against a party in response to the party's spoliation of relevant evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Courts have two sources of authority to impose sanctions for spoliation: (1) "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and . . . [2] sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Plaintiff argues that he has been forced to conduct discovery without equal access to evidence and information because of Mr. Straubinger's inspection and Defendant's failure to preserve the semi-truck and its data. (*See* Pl.'s Mot.) Defendants counter that Plaintiff's Motion should be denied because Plaintiff is now in possession of any relevant sought evidence, Plaintiff fails to articulate any basis for prejudice, and Plaintiff's sought dismissals would not be commensurate to any prejudice allegedly caused. (*See* Defs.' Resp.)

The Court will consider Plaintiff's sought remedies under both theories in turn:

**A.    Spoliation**

Spoliation occurs when a party "destroys or alters material evidence or fails to preserve" evidence when the party is under a duty to preserve it. *Kische USA LLC v. Simsek*, 2018 WL 620493, at *4 (W.D. Wash. Jan. 29, 2018) (citing *Apple Inc. v. Samsung Elec. Co., Ltd. ("Apple II")*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012)). A party has a duty to preserve evidence "when litigation is pending or reasonably anticipated." *Moore v. Lowe's Home Ctrs., LLC*, 2016 WL

ORDER - 5

3458353, at *3 (W.D. Wash. June 24, 2016). If a party had a duty to preserve evidence and did not, "the court considers the prejudice suffered by the non-spoliator and the level of culpability of the spoliator, including the spoliator's motive or degree of fault." *Moore*, 2016 WL 3458353, at *3.

              *i.*        *Analysis*

Here, Plaintiff identifies the spoliated evidence as: (1) Mr. Pryce's physical semi-truck; and (2) data or information residing on the semi-truck's tablet and/or driver tracking system. (*See* Pl.'s Mot. at 2-4.) It remains undisputed that Mr. Pryce's semi-truck was not preserved by Defendants in its physical form. (*See* D'Amore Decl., Ex. 2 at 17, 174; *id.*, Ex. 6 at 1-2.) It further appears that any driver tracking system data from Mr. Pryce's semi-truck's on-board tablet and web-based application was not preserved, as Totran has represented such systems were discontinued in its trucks at some point in time after the collision. (*See* D'Amore Decl., Ex. 4 at 2-7 (McDonald Dep. at 11:21-13:4, 51:22-53:6).)

Based on this record, especially in light of Plaintiff's counsel having provided his notice of representation and preservation letter a little over three weeks after the collision, it is clear Defendants failed to adhere to their duty to preserve Plaintiff's identified spoliated evidence. Defendants should have known such evidence was clearly relevant given the subject matter of the underlying action. *See PacifiCorp v. Nw. Pipeline GP*, 879 F. Supp. 2d 1171, 1188 (D. Or. 2012) ("[C]ourts describe the duty to preserve evidence as attaching when a party should know that evidence may be relevant to litigation that is anticipated, or reasonably foreseeable.").

Next, the court's prejudice inquiry "looks to whether the [spoiling party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon,* 464 F.3d at 959 (internal quotation marks omitted). Prejudice exists

ORDER - 6

1  where the failure to preserve forces the non-spoiling party to "rely on incomplete and spotty
2  evidence at trial." *Id.* (internal quotation marks omitted). In addition, "a finding of 'willfulness,
3  fault, or bad faith,'" satisfies the culpability component. *Id.* (quoting *Anheuser-Busch, Inc. v.*
4  *Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). "A party's destruction of evidence
5  qualifies as willful spoliation if the party has 'some notice that the documents were potentially
6  relevant to the litigation before they were destroyed.'" *Id.* (quoting *United States v. Kitsap*
7  *Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

8        On this aspect, the specific prejudice to Plaintiff arising from the destruction of Mr.
9  Pryce's semi-truck itself, and Defendants' willfulness in allowing Mr. Pryce's semi-truck to be
10 destroyed, is evident. Mr. Pryce's semi-truck was almost immediately inspected by Mr.
11 Straubinger after the accident, with such inspection being noted as a basis for his report. (*See*
12 D'Amore Decl., Ex. 2 at 17; Straubinger Rep. at 14; *id.*, Att. C at 89-109.) Despite being on
13 notice a little over three weeks after the collision to a need to preserve Mr. Pryce's semi-truck
14 and its relevance to this case, the semi-truck was nonetheless put back into service in September
15 2020 and eventually salvaged by Totran in January 2021. (*See* D'Amore Decl., Ex. 7 at 1-3; *id.*,
16 Ex. 5 at 1-2; *id.*, Ex. 6 at 1.)

17       Defendants' exclusive access to Mr. Pryce's semi-truck through Mr. Straubinger's
18 inspection prior to its destruction has thus put Plaintiff at a disadvantage by not having
19 equivalent access. Indeed, Plaintiff's human factors expert has indicated his inability to inspect
20 the subject truck has foreclosed him from determining key aspects of his analysis, including: (1)
21 determining the actual driver eye height; (2) recording the truck's actual dimensions; (3)
22 assessing the mirror positions; (4) verifying the sight lines referenced in his report; (5)
23 determining new sight lines; (6) determining if or how the A-frame of the truck's cabin blocked

ORDER - 7

Mr. Pryce's view; and (7) determining if other blind spots existed for drivers. (*See* D'Amore Decl. at ¶ 4.)

However, the prejudice arising from the loss of the driver tracking system data remains less certain. Plaintiff notes that Defendants produced three pages of speed, engine, odometer, and geographic location information, in addition to two screenshots from the driver tracking system itself, for the September 9, 2020 collision. (Second D'Amore Decl. (dkt. # 39), Ex. 17 at 1-3; *id.*, Ex. 18 at 1.). Plaintiff contends that the existence of this evidence suggests relevant evidence likely existed on the on-board tablet and web-based application had it been preserved. (*See* Pl.'s Reply at 4-5.)

Though it appears that Totran willfully allowed the driver tracking system data to be destroyed upon the changing of its internal systems, it is unclear based on Plaintiff's provided evidence whether the driver tracking system data would have provided Plaintiff any better data than already provided for by the ECM data. Failure to preserve evidence "does not necessarily warrant default or dismissal if these actions do not eclipse entirely the possibility of a just result." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071 (N.D. Cal. 2006) (internal quotation and citation omitted). Here, Plaintiff will not necessarily be forced to go to trial on "incomplete or spotty evidence" given the totality of other evidence in the record, chiefly the ECM data. *See Leon*, 464 F.3d at 959. Therefore, the Court finds that Plaintiff has not been prejudiced due to the inability to inspect or otherwise utilize the driver tracking system data.

        ii.        *Appropriate Sanction*

In determining an appropriate sanction for spoliation of evidence, a court should impose "the least onerous effective sanction." *In re Napster, Inc. Copy. Litig.*, 462 F. Supp. 2d at 1074. The sanction imposed should be commensurate to the prejudice caused by the spoliation and to

ORDER - 8

the culpability or motive of the party at fault. *See Apple II*, 888 F. Supp. 2d at 992-93. Such sanctions that may be imposed under the Court's inherent authority include:

> (1) exclusion of evidence; (2) admitting evidence of the circumstances of the destruction or spoliation; (3) instructing the jury that it may infer that the lost evidence would have been unfavorable to the party accused of destroying it; or (4) entering judgment against the responsible party, either in the form of dismissal or default judgment.

*Leon*, 464 F.3d at 958.

Exclusion of Mr. Straubinger as an expert in this case is commensurate and the least onerous sanction the Court can impose for Defendants' spoliation regarding the destruction of Mr. Pryce's semi-truck. The Court's inherent authority to sanction spoliation includes the power to exclude expert testimony for the destruction of relevant evidence. *See Glover*, 6 F.3d at 1329; *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir. 1992). Here, as noted above, Mr. Straubinger was provided exclusive access to inspect Mr. Pryce's semi-truck. (*See* D'Amore Decl., Ex. 2 at 17; Straubinger Rep. at 14; *id.*, Att. C at 89-109.) Though it is unclear to what degree Mr. Straubinger's inspection ultimately informed his opinions provided in his report, Plaintiff was not provided any similar opportunity to conduct such an inspection. The Court will therefore exclude him from providing expert testimony in this matter.

However, dismissal of Defendants' Third, Fourth, and Fifth Affirmative Defenses—relating to Plaintiff's contributory negligence, the acts of other non-parties, and or sudden emergency in the subject collision—would not be commensurate sanctions given Defendants' spoliation related only to the destruction of Mr. Pryce's semi-truck. Similarly, exclusion of Mr. Krauss's report would also not be commensurate as it appears to only rely upon the ECM data, which Plaintiff is now in possession of (*see* Krauss Rep. at 5; D'Amore Decl., Ex. 10), and

ORDER - 9

because Mr. Krauss's report does not otherwise reference Mr. Straubinger's inspection (s*ee* Krauss Rep. at 10-12).

### B. Rule 37 Sanctions

Next, Plaintiff argues the Court should invoke its sanction authority under Rule 37 as it is undisputed Defendants' initial disclosures failed to identify Mr. Straubinger's inspection, and because Defendants' failure to disclose was not substantially justified or harmless. (Pl.'s Mot. at 9-10.) Defendants counter that Rule 37 sanctions are not appropriate because Defendants timely served initial disclosures and any inadvertent omissions were cured with sufficient time to avoid prejudice to Plaintiff. (Defs.' Mot. at 7-8.) Defendants further contend that both parties' experts ultimately relied upon the same data from Mr. Pryce's semi-truck and Defendants' produced photographic and documentary materials. (*Id.*)

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts are given broad discretion to control discovery under Rule 37, including "particularly wide latitude . . . to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

In determining whether a Rule 37 violation is justified or harmless, the court may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; [and] (3) the likelihood of disruption of the trial," among other factors. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

"The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id.* (citing *Yeti*, 259 F.3d at 1107).

On this aspect, Defendants have been in possession of the inspection data and photographs since Mr. Straubinger's examination, which occurred almost immediately after the collision. (D'Amore Decl., Ex. 2 at 17, 174.) The record evinces that Defendants repeatedly failed to identify that they were in possession of such information, both in initial disclosures and upon Plaintiff's specific requests for production until at least September 2022. (*See* D'Amore Decl., Ex. 8 at 5-6; *id.*, Ex. 9 at 15-16, 18.) Of note, the ECM data from Mr. Straubinger's inspection was not provided to Plaintiff until September 7, 2022, in an unexplained email from Defendants' counsel. (*See* D'Amore Decl., Ex. 10.)

The Court has already determined that exclusion of Mr. Straubinger as an expert is appropriate given Defendants' spoliation of Mr. Pryce's semi-truck. As to the remainder of Plaintiff's sought Rule 37 sanctions, Plaintiff's Motion only specifically requests that Dr. Krauss also be excluded from testifying in this matter. (*See* Pl.'s Mot. at 9-10.) Though the late disclosure of Mr. Straubinger's inspection and the ECM data is fairly egregious, the Court concludes that Plaintiff has not been prejudiced to such a degree as to warrant the exclusion of Dr. Krauss's opinion. As considered above, though Dr. Krauss's expert report cites to the late disclosed ECM data (Krauss Rep. at 5), it does not otherwise appear to specifically rely upon or refer to the semi-truck inspection or any photographs from the inspection for its opinion (*see* Krauss Rep. at 10-12). Plaintiff is also now in possession of the ECM data and Defendants represented at oral argument that Plaintiff would be provided with any other non-disclosed photographs from Mr. Straubinger's inspection. (*See* D'Amore Decl., Ex. 10; dkt. # 42.)

ORDER - 11

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1) Plaintiff's Motion (dkt. # 27) is GRANTED in part and DENIED in part. Plaintiff's request to exclude Mr. Straubinger from testifying as an expert in this matter is GRANTED. Defendants will be provided until **March 20, 2023**, to retain a different accident reconstruction expert. The remainder of Plaintiff's requested relief is DENIED.

(2) The Clerk is directed to send a copy of this Order to the parties.

Dated this 17th day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge